IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV535

STEVE and KARYN HARDIG, et al., )
Individually and on behalf of all others )
similarly situated, )
)
Plaintiffs, )
) ORDER
)
CERTAINTEED CORPORATION, )
CENTEX REAL ESTATE CORPORATION, )
CENTEX HOMES, and NOMAS CORP., )
)
Defendants. )
_____)

This matter is before the court upon Plaintiffs' Motion to Remand, filed November 21, 2011 (dkt. # 9). Defendants have filed a brief in opposition. No reply has been submitted by Plaintiffs.

This putative class action was originally filed in the Superior Court of Union County, North Carolina, alleging breach of warranty and violations of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUTP"). The lawsuit involves certain fiber cement siding manufactured by Defendant Certainteed and installed on Plaintiffs' homes. Plaintiffs allege that the siding suffers from an inherent defect that results in the siding cracking, chipping, flaking, peeling or splitting. Defendants timely removed this action to this court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA provides federal jurisdiction over putative class actions in which (i) the proposed class consists of more than 100 members, (ii) any putative class member is a citizen of a State different from any defendant, and (iii) the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (d)(5). Plaintiffs have moved to remand,

1

arguing that this court does not have subject matter jurisdiction because Certainteed has failed to establish that this action meets CAFA's jurisdictional threshold of more than $5 million in controversy.

The removing defendant bears the burden of proving the requisite jurisdictional amount by only a preponderance of the evidence. *See Anthony v. Serv. Corp. Int'l.*, No. 10-642, 2011 U.S. Dist. LEXIS 38734, at *7 (W.D.N.C. Mar. 18, 2011). In determining whether the amount in controversy exceeds the $5 million jurisdictional threshold, the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the alleged amount in controversy. *Lanier v. Norfolk Southern Corp.*, 256 Fed. Appx. 629, 631-32 (4th Cir. 2007) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)). If the removing defendant meets its burden of establishing the amount in controversy, "only a 'legal certainty' that the judgment will be less forecloses jurisdiction." *Id.* (affirming denial of motion to remand when plaintiffs failed to show to a legal certainty that the judgment would be less than $5 million).

In its Notice of Removal, Certainteed submitted the Declaration of Don Cole, a Consumer Service Warranty Manager for Certainteed, who stated that the retail cost of the siding for an average single-family home is $3000 to $4000, which Plaintiffs do not dispute. This amount is exclusive of labor. Plaintiffs' Complaint alleges that they are suing "on behalf of all persons and entities who own homes, residences or other structures physically located in North Carolina, on which [Defendants] or one of their related entities or subcontractors installed Certainteed WeatherBoards Fiber Cement exterior siding." (Compl. ¶ 1). In paragraph 49 of the Complaint, Plaintiffs allege that "[t]he Class is composed of thousands of persons geographically dispersed throughout Indian Trail, North Carolina as well as the state of North Carolina, the joinder of whom in one action is impractical." (Compl. ¶ 49). Yet in paragraph 47, Plaintiffs

2

define the Class as "All persons in Indian Trail, North Carolina and/or the Fieldstone Farms subdivision who own a home which was constructed by Centex with the Siding." (Compl. ¶ 47). In their brief in support of remand, the Plaintiffs are now contending that only 501 homes fall within the putative class. The amount in controversy is determined by the allegations in the Complaint at the time of removal. *See Brooks v. GAF Materials Corp.*, 532 F.Supp. 2d 779, 781 (D.S.C. 2008) ("In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. . . .[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal."). When plaintiffs purport to represent a class of a specific size, this number should be used when calculating the amount in controversy for jurisdictional purposes. *See Strawn v. AT&T Mobility, LLC, 530 F.3d 293,* 298 (4th Cir. 2008) (refusing to use plaintiffs' "post hoc characterization" of its class for amount in controversy purposes); *Martin v. State Farm Mut. Auto. Ins. Co.*, No. 10-144, 2010 U.S.Dist. LEXIS 84903, at *15 (S.D.W. Va. Aug. 18, 2010). The court must construe Plaintiffs' Complaint as drafted, and finds that the class could potentially consist of thousands throughout North Carolina. Plaintiffs may not now redefine their class in an attempt to avoid federal jurisdiction.

Even if Plaintiffs had alleged the class to be restricted to only 501 homeowners, the jurisdictional threshold would still be met. Plaintiffs have asserted a claim for treble damages under the NCUTP. In analyzing the amount in controversy for cases removed under CAFA, treble damages, when demanded, must be included in the analysis. *Frederico v. Home Depot*, 507 F.3d 188, 195 (3rd Cir. 2007); *Lawton v. Basic Research, L.L.C.*, No. 10-6341, 2011 U.S. Dist. LEXIS 36169, at *14 (D.N.J. Apr. 4, 2011) (analyzing amount in controversy using treble damages provided under New Jersey Consumer Fraud Act); *Shubert v. Manheim Auctions, Inc.*,

No. 09-3365, 2010 U.S. Dist. LEXIS 15875, at *19 (E.D. Pa. Feb. 18, 2010) (including treble damages available under Pennsylvania law in amount in controversy analysis); *Hargis v. Access Capital Funding LLC*, No. 09-604, 2009 U.S. Dist. LEXIS 75994, at *5 (E.D. Mo. Aug. 26, 2009) (including treble damages in amount in controversy calculation).

As provided in the Notice of Removal, the cost of replacement siding for a single family home could be as high as $4,000. This $4,000 figure should be used in calculating the amount in controversy as it represents the "maximum value that this action could possibly represent to each putative class member" for replacement costs. *See Bolton v. Koppers Co.*, No. 10-253, 2011 U.S. Dist. LEXIS 103048, at *33 (N.D. Fla. June 6, 2011) (measuring amount in controversy by full value of all pieces of property owned by class members as full value represented potential damages). When the $4,000 figure is trebled, each claimant could receive damages in the amount of $12,000. A class size of 501 members still results in an amount in controversy exceeding $6 million considering replacement costs alone. Since Plaintiffs also seek damages for the cost of removing and replacing the Siding, which is significant in and of itself, the amount in controversy is easily met.

The court finds that Defendants have met their burden of establishing the requisite jurisdictional amount, and the motion to remand this case is denied.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand is hereby DENIED.

Signed: February 9, 2012

Graham C. Mullen
United States District Judge